# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* S.L.

**No. 18-0452** (Mineral County 17-JA-31)

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.L., by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's April 3, 2018, order terminating her parental rights to S.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Kelley A. Kuhn, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that she was never personally served with the petition and, therefore, the circuit court lacked the appropriate jurisdiction to hear the case.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed a petition alleging that petitioner and her husband were addicted to controlled substances and that their addiction negatively affected their parenting. Additionally, the DHHR alleged that petitioner and her husband were recently arrested on criminal charges and incarcerated. Finally, the DHHR alleged that the child missed an excessive amount of school. Petitioner appeared for the preliminary hearing in December of 2017 and waived her right to that hearing.

The circuit court held an adjudicatory hearing in January of 2018 and counsel moved to continue the hearing due to petitioner's indictment on criminal charges. The circuit court granted petitioner's motion to continue.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner asserts no assignment of error regarding the termination of her parental rights.

1

In February of 2018, the circuit court held an adjudicatory hearing; petitioner was present with counsel. The DHHR presented evidence from five witnesses, who were subject to cross-examination. Petitioner presented no evidence on her behalf. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

In March of 2018, the circuit court held a dispositional hearing. Petitioner moved to continue the hearing until her criminal charges were resolved. The DHHR and guardian objected to the motion. The circuit court heard argument and denied petitioner's motion. The DHHR moved the circuit court to consider the evidence presented at the adjudicatory hearing for disposition. The circuit court granted that motion. Petitioner presented no evidence, but was given an opportunity to present argument in support of her position. Ultimately, the circuit court found that petitioner could not participate in services due to her incarceration and that termination of her parental rights was necessary for the child. Accordingly, the circuit court terminated her parental rights in its April 3, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that she was never properly personally served with the petition and, therefore, the circuit court could not exercise jurisdiction over her parental rights. At the outset of the case, petitioner was incarcerated and could not be personally served. According to petitioner, the DHHR mailed certified copies of the petition to petitioner's trial counsel who signed for those copies. Petitioner argues that this service was ineffective and against West Virginia Code § 49-4-601(e) which details the proper methods to serve respondents of abuse and neglect petitions. However, it is clear from the record that petitioner had actual

---

[3]The father's parental rights were also terminated by this order. According to the parties, the permanency plan for the child is adoption in the current foster placement.

notice of the proceedings and was able to fully and meaningfully participate. As this Court has recognized, "[m]ost errors, including constitutional ones are subject to harmless error analysis." *State ex. Rel. Waldron v. Scott*, 222 W.Va. 122, 126, 663 S.E.2d 576, 580 (2008). Petitioner was present in person and by counsel for every proceeding. Petitioner was given an opportunity to cross-examine witnesses and present evidence at every proceeding. Additionally, petitioner was clearly aware of the allegations in the petition as her cross-examination was tailored to address those issues. Petitioner does not assert any prejudice as a result of the manner of service. Therefore, the error identified by petitioner, if any, is harlmess. Accordingly, we find under the limited circumstances of this case that petitioner was not prejudiced by the DHHR's failure to effectuate service and therefore the circuit court did not err in presiding over these proceedings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 3, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3